

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable George H. Sheppard
State Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-3887
Re: Is the 90% of authorized, but
unsubscribed, non-par value
stock of a corporation taxable
under the Texas stock tax law?

We have received and considered your request for
an opinion from this department with reference to whether
or not it is necessary to place stock transfer tax stamps
upon the 90% of authorized, but unsubscribed, nominal or
non-par value stock of a Texas corporation.

The 47th Legislature, Regular Session, enacted
a stock transfer tax by virtue of Article 15, of House Bill
No. 8.

In our opinion No. O-3594, this department held:

"We find nothing in the quoted language to
indicate a legislative intent to tax an original
issue of stock, authorized under the corporation's
charter and issued pursuant to subscription con-
tracts. The intention is manifest, rather, to
place this excise tax burden upon the person, firm
or corporation making or effectuating a taxable
sale or transfer of outstanding shares of certifi-
cates of stock rather than upon the corporation
whose stock is trafficked in. . . .

"This conclusion as to the non-taxability of
original issued stock does not extend to and em-
brace treasury stock, so-called, which has been
once outstanding in the hands of the public and
has been purchased by the corporation for resale.
Such stock is not original issue stock and is
taxable.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable George H. Sheppard, Page 2

".  .  .  ."

Chapter 19A of the Revised Civil Statutes of Texas, 1925, being Articles 1538a to 1638m, inclusive, is the Texas law dealing with non-par corporations. Article 1538a, supra, provides:

"Upon the organization, under the laws of this State, of any private corporation for profit, . . . provision may be made for the issuance of shares of its stock without nominal or par value. Every such share shall be equal in all respects to every other such share, except that the charter or any amendment thereof may provide that such shares should be divided into different classes, the shares of each class to have preferences, designations, rights, privileges and powers and be subject to such restrictions, limitations and qualifications as shall be stated in the charter or any amendment thereof. Any law of this State requiring that the par value of shares of stock of a corporation be stated in any certificate, report, or other instrument or paper shall be complied with by stating, in respect to shares without nominal or par value, that such stock is without par value, and wherever the amount of stock is required to be stated, the number of such shares without nominal or par value shall be stated and that such shares are without nominal or par value."

Article 1538b, supra, provides:

"Every certificate issued for shares of stock without nominal or par value shall have plainly stated on its face the number of shares which it represents and the class thereof, and shall not set forth any par value or value in dollars of such shares. No such certificate shall express or state thereon any rate of dividend, preference as to assets in liquidation, or price at which such shares may be redeemed except in dollars and cents per share."

Honorable George H. Sheppard, Page 3

Article 1538c, supra, provides:

"Corporations may issue and dispose of their authorized shares having no nominal or par value for such consideration as may be prescribed in the original charter or any amendment thereof; or, if no consideration is so prescribed, then for such consideration as may be fixed by the stockholders at a meeting duly called and held for that purpose, or by the board of directors when acting under general or special authority granted by the stockholders, or by the board of directors when acting under general authority conferred by the original charter or any amendment thereof; such consideration to be in the form of money paid, labor done or property actually received. Any and all shares without nominal or par value issued for the consideration prescribed or fixed in accordance with the provisions of this section shall be fully paid stock and not liable to any further call or assessment thereon, nor shall the subscriber or holder be liable for any further payments."

Article 1538d, supra, provides:

"Corporations authorizing the issuance of shares of its (their) stock without nominal or par value shall furnish to, and file with, the Secretary of State at the time of filing the charter or amendment to a charter authorizing the issuance of such stock a certificate authenticated by the incorporators as to original charter, and by a majority of the directors as to any amendment thereof, in the manner required by the laws of this State as to an original charter of incorporation, setting forth the following:

"(a) The number of shares with a par or face value and the number of shares without nominal or par value that may be issued by the corporation and the classes, if any, into which such shares are divided.

". . ."

Honorable George H. Sheppard, Page 4

"(d) The number of shares without nominal or par value subscribed and the actual consideration received by the corporation for such shares; and upon receiving such certificate it shall be the duty of the Secretary of State, on payment of office fees and franchise tax due, to file and record the charter, or amendment thereof, of such corporation and to give his certificate showing the record thereof, provided, however, the stockholders of any corporation authorizing the issuance of shares of its stock without nominal or par value shall be required, in good faith, to subscribe and pay for at least ten per cent of the authorized shares to be issued without nominal or par value before said corporation shall be chartered or have its charter amended so as to authorize the issuance of shares without par or nominal value; provided further that in no event the amount so paid shall be less than $25,000.00."

From the facts given in your request, we gather that there is no doubt but that our opinion No. O-3594 is applicable to the 10% of the authorized shares of non-par value corporations that are required to be subscribed and paid for according to subsection (d) of Article 1538d, supra. This request concerns the taxability of the remaining 90% of the authorized, but unsubscribed, non-par value stock of such a corporation.

We find nothing in the law dealing with non-par corporations which would indicate that the 90% of the non-par value or nominal value stock that is authorized and unsubscribed should be taxed under the provisions of said House Bill No. 8. We believe that it is an original issue of the stock of such a corporation until such time as title to the stock has passed to the original subscribers of said corporate stock. We think the rule as expressed in our opinion No. O-3594, and copied herein, is applicable and controlling in answering the question submitted by you.

Honorable George H. Sheppard, Page 5

We trust that in this manner we have fully answered your inquiry.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Harold McCracken
Assistant

HMcC:mp



APPROVED
OPINION
COMMITTEE
BY CHAIRMAN